# 𝕮𝖆𝖘𝖊𝖘

# THIRD DEPARTMENT,

---

MICHAEL DALTON, Respondent, v. JOHN GILL, Appellant.

*Evidence — in action for slander — proof of accompanying words and acts, competent.*

In an action to recover damages because of the speaking of slanderous words by the defendant concerning the plaintiff, evidence of all that occurred on the occasion — the words spoken and the acts done — is competent.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Chemung Circuit, and from an order denying a motion for a new trial made on a case containing exceptions. The action was brought to recover damages because of the defendant having spoken slanderous words concerning the plaintiff, to wit: "You are a thief. You are a damned thief. You God damned thief, you were arrested during the war for robbing soldiers and taken to Washington in irons. You robbed soldiers. You are a robber."

On the trial the defendant offered certain evidence, showing that the parties struck each other and that certain things were said by them after the speaking of the alleged slanderous words.

The defendant's counsel offered "to show, as bearing upon the *animus* with which the words were spoken, what the witness states, viz.: That he saw them spitting at each other, and strike each other.

\* \* \* "I ask him to state what he saw take place between them at that time.

"The Court: He may state any matter, not relating to an assault and battery, which took place after the speaking of the words.

"Plaintiff's counsel: I ask that he be limited to a time previous to the speaking of the words.

"The Court: I intend to do so; the question should limit the witness to that time. The court holds, that what took place after the speaking of the words, is not competent upon the question of *animus*."

"Defendant's counsel duly excepted."

*Smith & Robertson*, for the appellant.

*Rockwell & Collin*, for the respondent.

BOOKES, J.:

We are of the opinion that the defendant was entitled to put in evidence all that occurred on the occasion of the speaking of the alleged slanderous words. Certainly he was entitled to all that was there said by the parties; and so clearly also, as we think, of all that was done by them. The words spoken and the acts which accompanied them constituted the transaction, and all that then occurred was open to examination before the jury. As matter of evidence they could not be properly separated. This is the doctrine of *Voltz* v. *Blackmar* (64 N. Y., 440–445). The exclusion of part of what occurred on the occasion of the speaking of words charged as slanderous was error, for which a new trial must be awarded; and we need not examine other questions urged by the appellant's counsel.

Judgment and order reversed, new trial ordered, costs to abide event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order and judgment reversed, and new trial granted, with costs to abide event.